FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 28 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MARK DEWBERRY**                                                       **PLAINTIFF**

V.                    CASE NO. 3:22-CV-00077-DPM

**UNITED RENTALS, INC.**                                                **DEFENDANT**

This case assigned to District Judge Marshall
and to Magistrate Judge Ervin

### ORIGINAL CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Mark Dewberry, individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his Class Action Complaint against the Defendant United Rentals, Inc., states as follows:

### I. Introduction

1. Plaintiff was denied employment in a position not designated in writing as safety-sensitive solely because of his medical marijuana use away from work, in direct contravention of Amendment 98 to the Arkansas Constitution.

2. The voters of Arkansas overwhelmingly passed Amendment 98 to their Constitution, which requires that "an employer shall not discriminate against" a job "applicant…based upon the applicant's status as a qualifying [medical marijuana] patient."

3. Under Amendment 98, employers can have a "drug testing program," can decline to hire applicants based on use of drugs "on premises," and can decline to hire medical marijuana patients who fail a drug screen for drugs other than marijuana. Employers can also decline to hire a medical marijuana patient for a "safety-sensitive position."

4. However, employers cannot decline to hire a medical marijuana patient for a position not designated in writing as safety-sensitive simply on the basis of a positive marijuana test away from work.

5. Yet that is exactly what the Defendant did to the Plaintiff when he applied for a position at their Jonesboro, Arkansas, facility.

## II. Jurisdiction and Venue

6. Plaintiff is an individual resident of Craighead County, Arkansas.

7. The incidents giving rise to this cause of action occurred in Craighead County, Arkansas.

8. The Defendant United Rentals, Inc. is a foreign limited liability corporation, headquartered at 100 First Stamford Place Ste. 700, Stamford, CT 06902, and that is able to be served by its Registered Agent, Corporation Service Company, 300 S. Spring St., Suite 900, Little Rock, AR 72201.

9. This is a cause of action against Defendant for violations of Amendment 98 to the Arkansas Constitution and the Arkansas Civil Rights Act (hereafter called "ACRA") A.C.A. §§ 16-123-107(a)(1) and -105.

10. This Court has jurisdiction over this cause of action under A.C.A. §16-123-105, and venue properly lies in this county under the provisions of A.C.A. §16-60-108 and A.C.A. §16-60-116.

## III. Factual Allegations

11. In November 2021, Plaintiff applied for an Inside Sales Representative position with Defendant.

12. The Inside Sales Representative position was not listed as safety-sensitive in writing on the application, or on any other materials provided to Plaintiff.

13. Plaintiff was interviewed for the position and as part of Defendant's employment eligibility process, he submitted to a background check and drug test.

14. Plaintiff informed the Defendant that he was a medical marijuana card holder and provided them a copy of his medical marijuana card.

15. Plaintiff tested positive for marijuana. Plaintiff tested negative for all other drugs.

16. After viewing the Plaintiff's test results, Defendant informed Plaintiff they were not offering him employment. The background check report provided by Defendant identifies Plaintiff's drug testing results as the only "conflict" with his employment.

17. Plaintiff was denied employment as a result of his status as a qualifying medical marijuana patient.

18. Plaintiff was unable to find similarly paid employment for some time afterwards.

19. Defendant was at all relevant times an employer within the meaning of the ACRA and Arkansas Constitution.

20. Defendant intentionally did not proceed with Plaintiff's employment because of his medical marijuana patient status despite their knowledge of the law prohibiting such discrimination and knowledge of Plaintiff's status as a qualifying Plaintiff.

21. Merely because Defendant has a drug-testing policy and drug-free workplace does not mean Defendant can decline to hire a medical marijuana patient for a position not designated in writing as safety-sensitive because of a positive marijuana test away from work.

## IV. First claim for relief:
## Individual violation of Amendment 98 to the Arkansas Constitution

22.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

23.     Defendant deprived Plaintiff of his rights, privileges, and immunities as set forth in Amendment 98 to the Arkansas Constitution and engaged in unlawful employment practices in violation of Ark. Code Ann. § § 16-123-101, *et seq*.

24.     Specifically, Defendant discriminated against the job applicant Plaintiff because of his status as a qualifying medical marijuana patient.

25.     At all relevant times, Plaintiff could perform the essential functions of the position to which he was hired.

26.     However, Plaintiff was denied starting in his position within the relevant time period solely because of his status as a qualifying medical marijuana patient.

27.     Plaintiff was not yet in his position, and of course Plaintiff did not possess, smoke, ingest, or otherwise engage in the use of marijuana while on the premises of the employer or during the hours of employment. Nor was Plaintiff under the influence of marijuana while on the premises of the employer or during the hours of employment.

28.     Amendment 98 to the Arkansas Constitution makes clear that merely because Defendant has a drug-testing policy and drug-free workplace does not mean Defendant can decline to hire a medical marijuana patient for a non-safety-sensitive position because of a positive marijuana test away from work.

29.     The exact text of the relevant portion of Section 3 of Amendment 98 reads that:

  (f)(3)(A) An employer shall not discriminate against an applicant or employee in hiring, termination, or any term or condition of employment, or otherwise penalize an applicant or employee, based upon the applicant's or employee's past or present status as a qualifying patient or designated caregiver.

    (B) A cause of action shall not be established against an employer based upon, and an employer is not prohibited from, any of the following actions:

      (i) Establishing and implementing a substance abuse or drug-free workplace policy that may include a drug testing program that complies with state or federal law and taking action with respect to an applicant or employee under the policy;

      (ii) Acting on the employer's good faith belief that a qualifying patient:

        (a) Possessed, smoked, ingested, or otherwise engaged in the use of marijuana while on the premises of the employer or during the hours of employment; or

        (b) Was under the influence of marijuana while on the premises of the employer during the hours of employment, provided that a positive test result for marijuana cannot provide the sole basis for the employer's good faith belief; or

      (iii) Acting to exclude a qualifying patient from being employed in or performing a safety sensitive position based on the employer's good faith belief that the qualifying patient was engaged in the current use of marijuana.

30. Section (f)(3)(B)(i) does allow a drug-free workplace policy and drug testing, but as sections (3)BD)(ii) and (iii) explain, that drug testing and drug-free workplace policy only applies to *on premises* marijuana influence by qualified patients, and employers can exclude current medical marijuana users *only* from designated safety sensitive positions.

31. The Arkansas Supreme Court has consistently made clear that law "should be construed so that no word is void, superfluous, or insignificant, and meaning and effect must be given to every word contained therein, if possible, see *Locke v. Cook*, 245 Ark. 787, 434 S.W.2d 598

(1968)" *AT&T Communications of the Southwest, Inc. v. Arkansas Public Service Commission*, 67 Ark. App. 177, 189 (Ark. Ct. App. 1999).

32. To read that Amendment 98 allows a qualify medical marijuana patient to be excluded from employment for a positive marijuana drug test merely because an employer has a drug testing and drug free workplace policy under Section(f)(3)(B)(i) completely renders Sections (3)(a), and (3)(B)(ii)-(iii) meaningless.

33. Instead, the general Section(3)(B)(i) must be read in harmony with the more specific Sections (3)(B)(ii) and (iii) to delineate the exception to the protections of Section (3)(a).

34. Further, section 3(C)(vi)'s protection for "refusing to hire an applicant" under (f)(3) is not a categorical exception to the plain meaning of (f)(3)(A) that "an employer shall not discriminate against an applicant...," nor is it an addition to the list of prohibited causes of action in Section (3)(B).

35. Instead, section 3(C)(vi) protection is simply an authorized action an employer is allowed to take for applicants who fail the requirements of Section (3)(A)-(B).

36. For an illustrative example of the section 3(C)(vi) protection for employers, an applicant for a non-safety sensitive position would not be protected if they failed a pre-employment test for the presence of cocaine. That applicant could not sue even if they were a medical marijuana patient.

37. Likewise, if a job applicant failed a marijuana test but it was for a safety sensitive position, that applicant could not sue the employer under (3)(B)(iii).

38. However, an employer cannot decline to hire a medical marijuana patient for a non-safety-sensitive position because of a positive marijuana test away from work because of Sections (3)(B)(ii) and (iii) that outline the protections of Section (3)(a).

39. To find otherwise is to also render the words "safety sensitive" (3)(B)(iii) meaningless.

40. In sum, the effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his qualifying medical marijuana patient status.

41. The unlawful employment practices complained of above were and are intentional.

42. The unlawful employment practices complained of above were done with reckless indifference to the constitutional and statutorily protected rights of Plaintiff.

43. Pursuant to the Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, the sum of his back pay lost wages or salary, benefits and/or other compensation denied or loss to him by reason of Defendant's violations of the Arkansas Constitution and ACRA, plus any interest he is entitled to for these causes because Defendant's violations were malicious and Defendants had no reasonable grounds for believing that its actions were not in violation of the ACRA.

44. As a direct and proximate result of Defendant's violations of the Arkansas Constitution and Arkansas Civil Rights Act, Plaintiff has suffered the following injuries and damages:

    a. He has lost a significant sum of income in the past and will continue to do so in the future;
    b. He has lost the fringe benefits of his employment;
    c. He is unable to procure equivalent employment due to his having been hired and then fired;

d. He is unable to pay his bills, which has caused chaos in nearly every aspect of his life; and,

e. He has incurred and will incur substantial attorneys' fees;

for all of which he should be compensated.

45. That Plaintiff should be awarded attorneys' fees pursuant to A.C.A. §16-123-105.

## V. Second Claim for Relief:
## Class Action Violation of Amendment 98 to the Arkansas Constitution

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. This is also a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff Dewberry is a member of a class of employees and applicants who were denied employment in violation of Amendment 98 to the Arkansas Constitution.

48. Plaintiff asserts violations of Amendment 98 on behalf of a class of all persons who were denied or fired from employment by Defendant solely on the basis of their medical marijuana patient status from the date of two years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

49. The Class is so numerous that the joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least forty (40) but as many as one-hundred (100) putative class members have applied to work for Defendant but have been denied employment, as described herein, during the applicable statutory period.

50. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a) The policy of Defendant to not hire medical marijuana patients who test positive for marijuana only;
(b) Whether Plaintiffs and members of the Class were not hired for that reason alone; and
(c) Whether the back pay owed to Plaintiff and members of the Class can easily be calculated by the rate of pay of the positions applied for and the date of denial.

51. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiff was injured by Defendant's policies and practices of failure to hire qualified medical marijuana patients.

52. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

53. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

- A. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

- B. Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

- C. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

54. Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither is Plaintiff aware of any other litigation concerning this particular controversy.

55. Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

56. The class is defined as all applicants who were denied employment by Defendant solely on the basis of their medical marijuana patient status from the date of one year prior to the date of the filing of this lawsuit.

57. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff Mark Dewberry, individually and on behalf of all others similarly situated, prays for an award of a class action; for judgment against Defendant; for a jury trial; for attorneys' fees and costs; for punitive and constitutional damages; and for all other proper relief.

Respectfully submitted,

**Mark Dewberry, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law